1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                      EASTERN DISTRICT OF CALIFORNIA
10

11  GREGORY R. ARVIZU,                    )   1:11-cv-00017-JLT
                                          )
12                      Plaintiff,        )   ORDER TO SHOW CAUSE WHY THE
                                          )   ACTION SHOULD NOT BE DISMISSED
13      v.                                )
                                          )
14  COMMISSIONER OF SOCIAL                )
    SECURITY,                             )
15                                        )
                                          )
16                      Defendant.        )
                                          )
17  _____      )

18          Gregory R. Arvizu ("Plaintiff") seeks to proceed *in forma pauperis* and *pro se* with an

19  action seeking judicial review of a determination of the Social Security Administration.  Plaintiff

20  commenced this action on January 5, 2011 (Doc. 1) and filed his First Amended Complaint on

21  February 7, 2011.  (Doc. 4).

22  **I.  Screening Requirement**

23          When an individual is proceeding *in forma pauperis*, the Court is required to review the

24  complaint, and shall dismiss the case at any time if the Court determines that the allegation of

25  poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on

26  which relief may be granted; or . . . seeks monetary relief against a defendant who is immune

27  from such relief."  28 U.S.C. 1915(e)(2).  In addition, the Court may dismiss an action *sua sponte*

28  if it lacks jurisdiction over the matter.  *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983).

1  ## II.  Jurisdiction

2      Plaintiff seeks review of a decision by the Commissioner of Social Security denying

3  disability benefits.  In the First Amended Complaint, Plaintiff states the decision of the Appeal's

4  Council was postmarked on November 1, 2010, and that "[t]here is no date listed on the letter

5  itself" (Doc. 4 at 1).  However, in an attachment to his original complaint, Plaintiff seems to

6  admit that the date of the notice was October 29, 2010.[1]  In this Notice, the Appeals Council

7  denied Plaintiff's request for review of the action.  *Id.*  Therefore, the decision of the

8  administrative law judge became the final decision of the Commissioner of Social Security.

9      The Court has jurisdiction to review decisions regarding Social Security benefits and the

10  denial of disability claims pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

11
12      Any individual, after any final decision of the Commissioner made after a hearing to
        which he was a party, irrespective of the amount in controversy, may obtain a review
        of such decision by a civil action **commenced within sixty days after the mailing
        to him of such decision** or within such further time as the Commissioner may allow.
13      Such action shall be brought in the district court of the United States for the judicial
        district in which the plaintiff resides, or has his principal place of business . . .
14

15  *Id.* (emphasis added).  Except as provided by statute, "[n]o findings of fact or decision of the

16  Commissioner shall be reviewed by any person, tribunal, or governmental agency."  42 U.S.C. §

17  405(h).  These regulations "operate as a statute of limitations setting the time period in which a

18  claimant may appeal a final decision of the Commissioner."  *Berrigan v. Astrue*, 2010 U.S. Dist.

19  LEXIS 115390, at * 4-5 (E.D. Cal. Oct. 29, 2010), *citing Bowen v. City of New York*, 476 U.S.

20  467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976).  The time limit is a

21  condition on the waiver of sovereign immunity, and it must be strictly construed.  *Id.*

22      Plaintiff's civil action must have been commenced within sixty days of mailing of the

23  notice from the Appeals Council, or by January 3, 2011.[2]  *See* 42 U.S.C. § 405(g).  This Court

24  previously stated, "The limitations to final decisions and to a sixty-day filing period serve to

25  compress the time for judicial review and to limit judicial review to the original decision denying

26

27      [1] If this was the correct date, the last day to file his complaint was December 28, 2011.

28      [2] Because the 60th day was December 31, 2010, a court holiday, Plaintiff was required to file his complaint
        no later than January 3, 2011.

1  benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." *Anderson*

2  *v. Astrue,* 2009 U.S. Dist. LEXIS 79726, at *8-9 (E.D. Cal. Oct. 7, 2008).  Because Plaintiff did

3  not file this action until this deadline passed, the Court is unable to review the decision of the

4  Commissioner.

5  **III.   Equitable Tolling**

6          The principle of equitable tolling allows for the statute of limitations to be extended in

7  certain circumstances, because the social security regulations were "designed to be 'unusually

8  protective' of claimants." *Bowen*, 476 U.S. at 480.  The Supreme Court noted,

9          [Social Security Administration] regulations governing extensions of time for filing
           are based on considerations of fairness to claimants.  Thus, the Secretary may grant
10         an extension where a suit was not timely filed because of illness, accident,
           destruction of records, or mistake.  Similarly, an extension may be granted where the
11         claimant misunderstands the appeal process or is unable to timely collect necessary
           information, or where the Secretary undertook action that "misled" the claimant
12         concerning his right to review.

13  *Id.* at 480, n. 12, citing 20 C.F.R. §§ 404.911,416.1411.  However, Plaintiff's First Amended

14  Complaint is devoid of factual allegations indicating circumstances for which the statute of

15  limitations should be tolled in equity. Thus, the Court declines, at this juncture, to apply the

16  doctrine of equitable tolling.

17  **IV.   Conclusion and Order**

18          For the foregoing reasons, it appears that Plaintiff failed to file this current action within

19  the applicable statute of limitations.   Accordingly, Plaintiff is ORDERED:

20      1.      To show cause within 21 days of the date of service of this Order why the matter

21              should not be dismissed for lack of jurisdiction; and

22      2.      If Plaintiff chooses to file a response to this order to show cause, he SHALL

23              provide to the Court therewith, a copy of the notice from the Appeals Council and

24              the envelope in which it was mailed.

25  IT IS SO ORDERED.

26  Dated:   **February 14, 2011**                          **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE
27

28