UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY R. ARVIZU, | ) | 1:11-cv-00017-JLT |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | DISMISSING THE ACTION WITH |
| | ) | PREJUDICE FOR LACK OF JURISDICTION |
| v. | ) | AND FAILURE TO COMPLY WITH THE |
| COMMISSIONER OF SOCIAL | ) | COURT'S ORDER |
| SECURITY, | ) | |
| | ) | ORDER DIRECTING CLERK OF THE COURT |
| | ) | TO ASSIGN A UNITED STATES DISTRICT |
| Defendant. | ) | JUDGE TO CASE |
| | ) | |

Gregory R. Arvizu ("Plaintiff") seeks to proceed *in forma pauperis* and *pro se* with an action seeking judicial review of a determination of the Social Security Administration. Plaintiff commenced this action on January 5, 2011 (Doc. 1) and filed his First Amended Complaint on February 7, 2011. (Doc. 4).

On February 14, 2011, the Court issued order to show cause as to why the matter should not be dismissed for lack of jurisdiction. (Doc. 5). Plaintiff was directed to file his response within 21 days of service, or by March 7, 2011. *Id.* at 3. To date, Plaintiff has not complied with or otherwise responded to the Court's order. For the following reasons, the Court recommends Plaintiff's First Amended Complaint be **DISMISSED WITH PREJUDICE.**

///

///

1

**I.  Screening Requirement**

In accord with 28 U.S.C. 1915(e)(2), the Court screened Plaintiff's First Amended Complaint because he was proceeding *in forma pauperis*. The Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).

**II.  Jurisdiction**

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. In the First Amended Complaint, Plaintiff states the decision of the Appeal's Council was postmarked on November 1, 2010, and that "[t]here is no date listed on the letter itself." (Doc. 4 at 1). However, in an attachment to his original complaint, Plaintiff supplies a document that indicates that the date of the notice was October 29, 2010. (Doc. 1 at 3). In this Notice, the Appeals Council denied Plaintiff's request for review of the action. *Id.* Therefore, the decision of the administrative law judge became the final decision of the Commissioner of Social Security.

The Court has jurisdiction to review decisions regarding Social Security benefits and the denial of disability claims pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action **commenced within sixty days after the mailing to him of such decision** or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . .

*Id.* (emphasis added). Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at * 4-5 (E.D. Cal. Oct. 29, 2010), *citing Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976). The time limit is a

condition on the waiver of sovereign immunity, and it must be strictly construed. *Id.* In addition, the Court may dismiss an action *sua sponte* if it lacks jurisdiction over the matter. *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983).

Plaintiff's civil action must have been commenced within sixty days of mailing of the notice from the Appeals Council, or by January 3, 2011. *See* 42 U.S.C. § 405(g).  This Court previously stated, "The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." *Anderson v. Astrue,* 2009 U.S. Dist. LEXIS 79726, at *8-9 (E.D. Cal. Oct. 7, 2008).  Because Plaintiff did not file this action until this deadline passed, the Court is unable to review the decision of the Commissioner.

### III.  Equitable Tolling

The principle of equitable tolling allows for the statute of limitations to be extended in certain circumstances, because the social security regulations were "designed to be 'unusually protective' of claimants." Bowen, 476 U.S. at 480. The Supreme Court noted,

> [Social Security Administration] regulations governing extensions of time for filing are based on considerations of fairness to claimants. Thus, the Secretary may grant an extension where a suit was not timely filed because of illness, accident, destruction of records, or mistake. Similarly, an extension may be granted where the claimant misunderstands the appeal process or is unable to timely collect necessary information, or where the Secretary undertook action that "misled" the claimant concerning his right to review.

Id. at 480, n. 12, citing 20 C.F.R. §§ 404.911,416.1411. However, Plaintiff's First Amended Complaint is devoid of factual allegations indicating circumstances for which the statute of limitations should be tolled in equity. Moreover, because Plaintiff failed to respond to the Court's order to show cause, the Court has no information that would indicate that equitable tolling would apply.  In fact, the record demonstrates that Plaintiff was advised that he had just 60 days to file his action in this Court.  (Doc. 1 at 3) Thus, Plaintiff was fully aware that he had to act within a timely fashion. Thus, the Court has no basis upon which to extend the doctrine of equitable tolling to this matter.

///

### IV. Failure to Obey the Court's Order

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. Notably, however, the Court finds that the Plaintiff failed to file his appeal within a timely fashion. In the order to show cause, the Court stated it was unable to review the decision of the Commissioner absent a showing by Plaintiff that the statute of limitations should be tolled in equity. (Doc. 5 at 3). Thus, Plaintiff had

adequate warning that dismissal would result from his noncompliance with the Court's order.

## Order

GOOD CAUSE being established therefor, the Court **HEREBY ORDERS** as follows:

1. The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

## Findings and Recommendations

For the foregoing reasons, the Court finds Plaintiff failed to file this action within the applicable statute of limitations. Moreover, Plaintiff failed to comply with the Court's order to show cause why the matter should not be dismissed for lack of jurisdiction. Accordingly it is **HEREBY RECOMMENDED**:

1. Plaintiff's First Amended Complaint be **DISMISSED WITH PREJUDICE**.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 14, 2011**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE